CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 20 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES H. KIRTLEY, ) | |
| Plaintiff, ) | Civil Action No. 7:06-cv-00040 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAPT. SLIVER, ) | By: Hon. James C. Turk |
| Defendant. ) | Senior United States District Judge |

Plaintiff James H. Kirtley, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Kirtley alleges that the defendant, Captain Sliver, a corrections official at "BTCC Camp #25," a prison work camp in Troutville, Virginia, violated his constitutional rights by verbally abusing and harassing him and by neglecting his medical need to be assigned to a bottom bunk. Kirtley seeks to proceed in forma pauperis, to be transferred to another facility, and to have Sliver disciplined.[1]

Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

I.

In his complaint, Kirtley makes only a bare statement of his claims and does not specifically state the facts he intends to offer in support of his claims. Kirtley submits copies of administrative

---

[1] Disciplinary action against prison officials is not a form of relief available under § 1983.

1

remedy forms that he filed at BTCC, however, and his allegations on these forms provide the court with the facts upon which he bases his § 1983 claims. On October 27, 2005, the doctor ordered that Kirtley should be temporarily assigned to a bottom bunk for orthopedic reasons. The doctor told Kirtley that he would have to move immediately to such a bunk so that he could apply hot towels to his injuries four times a day and get plenty of rest. Kirtley "was persistent" in asking Captain Sliver to move him to a bottom bunk. Even after Captain Sliver had seen documentation indicating that Kirtley should be reassigned to a bottom bunk for medical reasons, the captain did not immediately move Kirtley, stating that he first needed to verify the paperwork. Sliver threatened to put Kirtley "in the hole" because of his persistence in requesting an immediate reassignment. On October 28, 2005, Kirtley was reassigned to a bottom bunk.

## II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Verbal abuse and harassment by guards, without more, does not state any constitutional claim. Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). A guard's verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Id.; Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989)(verbal threats causing fear for plaintiff's life not an infringement of a constitutional right).

Only deliberate indifference to serious medical needs of prisoners constitutes unnecessary

2

and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97 (1976). To prove that an officer was deliberately indifferent, the inmate must demonstrate that the officer (1) knew the inmate's serious medical need presented a significant risk of harm if left unattended and (2) failed to take reasonable measures to avert or alleviate the risk. Farmer v. Brennan, 511 U.S. 825 (1994).

III.

Under these principles, Kirtley's claims fail to rise to constitutional proportions. First, Captain Sliver's alleged verbal harassment and threats to Kirtley, regarding his insistence at getting an immediate bed change, do not state any claim that Sliver's actions deprived Kirtley of constitutional rights. Sliver acknowledged Kirtley's need and did not deny the reassignment request, but merely told Kirtley that it would not happen before he verified the medical paperwork.

Second, the court cannot find that Sliver's reaction to Kirtley's medical need was unreasonable. Again, Sliver did not deny the request; he merely delayed the reassignment longer than Kirtley preferred; nevertheless, Kirtley was reassigned within one day of the doctor's order. Given Sliver's undisputed need to verify the medical paperwork, this delay was not unreasonable. The court is satisfied that plaintiff could prove no set of facts consistent with his allegations that would state any claim actionable under § 1983. Accordingly, the court finds that plaintiff's complaint must be dismissed for failure to state a claim, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to

3

Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendant.

ENTER: This 20th day of January, 2006.

                                        /s/ James C. Turk
                                        Senior United States District Judge